Madam Clerk, will you please call the first case? Okay, I'd like the attorneys to step up to the podium. Tell the court your name, who you represent, and approximately how long your argument will take. Good morning. Good morning, Your Honor. John Elson. I represent the appellant, Mick Dumpke, and I believe the whole argument should be about 15 minutes. Very good. Are you going to observe some time? Five minutes. Very good. Good morning, Counsel. Good morning. Stephen Collins for the City of Chicago, and we would like approximately 15 minutes as well, please. Very good. Mr. Elson, proceed with your argument. Thank you. Plaintiff Dumpke's claim here is that Mayor Daley, as the head of the City of Chicago, waived the FOIA exemption for consultants' reports by publicly citing and identifying the A.T. Kearney report on police reassignments at his press conference. Now, the court below didn't address the question of whether the mayor waived the exemption for consultants' reports by publicly citing and identifying it. It held instead that the mayor was not the head of the public body authorized to waive the report under FOIA. And the city has conceded that. I was just going to say that unless the court has questions on that, I'd like to address the three issues that the city has contested. Since they've conceded, proceed. All right. And the first is that the mayor did not publicly cite sufficiently the A.T. Kearney report. Second is that he didn't identify it, and the third is that the case should be remanded. Now, Dumpke's argument as to citation relies on a common usage and dictionary definition of cite as simply a reference to something, usually in support of something else. And clearly, that is what the mayor did at his press conference when he cited the Kearney report in support of the city's police reassignments. Now, the city has a unique loss that it asked the court to put on the word cite. I call it in brief the action causation doctrine. And their argument is that a document is cited only if it has actually caused some action to be taken by the public body. But there's no legislative history or precedent to support that loss, and it would be flatly contrary to the liberal construction requirement of FOIA. And it doesn't make sense logically. If the mayor here had elaborated in detail, even more detail, on this report and said its supports are not changing our reassignments at all, they're perfect as is, under the city's theory, that would not be a waiver. But the public interest is exactly the same. So this action, non-action, I don't think makes sense for policy and certainly is nowhere in the statute. But what's somewhat ironic here is that even if the court accepts the action causation doctrine, it's satisfied here. And I think the city realizes it has some problem with this, because the mayor said at his press conference that, quote, reassignments are the result of a management study requested by Superintendent Weiss early this year. Now, the city maintains this is a vague reference, not tied to specific language. But there's nothing vague about saying this is the result of a study. It either is or it isn't. There are no alternative meanings that would make this vague. And there's also no requirement that a citation to a document under FOIA has to actually be tied to specific language in the report, that it has to quote language. FOIA talks about the record being disclosed when the record is cited, the record of portions of it. It doesn't talk about actual quotes or portions of the record being cited itself. Did you find anything in the legislative history that deals with the cite and identify? No, we looked for that in the Illinois. We couldn't find anything. So did we. Okay. Right. Did you find it anywhere? Not as did Illinois, FOIA. There are about two or three other states, I believe, that have a similar waiver exception. We couldn't find any legislative history on that. As to the public identification argument, the city argues that the mayor didn't publicly identify the document because he didn't state its title, its completion date, its particular recommendations, and the details of the study's role in the reassignment decision. But FOIA doesn't require these types of references. The city doesn't say where it got these requirements for identify. And clearly there are none. The word identify is a functional term here. It really depends on whether a reference is sufficiently specific to determine what document is being referred to. And the city doesn't argue here that there was ever any reasonable doubt as to what document the mayor was referring to. Indeed, in its answer to the complaint and in the original FOIA request, the city never raised any issue as to what document was being referred to. And if there was any doubt, you'd expect that they would have raised some question as to what document. And indeed, in their pleadings, they admitted they have possession of the report that the mayor referred to at his press conference. So there shouldn't be any doubt in that regard that he sufficiently identified the document. Now, on the remand issue, the city argues alternatively, if citation and identification was sufficiently established under FOIA, that the case should be remanded so that the trial court can decide what portions of the report should be disclosed. Now, this argument ignores, I believe, two critical facts. The first is that the mayor cited to the whole report, not to any portions of it. He didn't say the police reassignments resulted from some section on something or other. He said it resulted from the report. So the mayor should be presumed to mean what he said. And second, the city in its briefing below, in the summary judgment briefing, argued against the very proposition for in-camera review that it is asking for now. It maintained that the report could not be understood from its separate parts, that all parts are inextricably intertwined, so its meaning can be derived only from the entire report. And it argued, therefore, against in-camera review below. Now it is seeking to change that position, but without any reason why it was wrong when it made that position below. And the city is the only party that knows what's in the report, so it should know whether or not it can be redacted. And here it said it can't be redacted when it was in the court below. So for these reasons, Dumpy asked that the decision of the trial court be reversed and the city be ordered to turn over the requested consultant's report. Thank you very much, Mr. Collins. Thank you. Or Elson, I'm sorry. Mr. Collins. Good morning again, Counsel. Good morning. Good morning, Your Honor. It is undisputed that the record at issue here falls within the section 7-1-F exemption and that Mr. Dumpy has the burden of establishing waiver. This morning I'll explain that the former mayor did not. What authority do you have to the position that Dumpy must establish waiver? Two points, Your Honor. One is that under the comparable federal FOIA standard provision, the party seeking to approve waiver has the burden of approving waiver. So you have a case? We have cited it in our brief, Your Honor. I don't have the citation in front of me right now. And moreover, Mr. Dumpy does not dispute that he has the burden of establishing waiver. So this morning I'll explain that the former mayor's remarks did not publicly cite and identify the record. Or if he did, this court should remand to the circuit court for in-camera review to determine what portions of the record, if any, should be released. But I'd like to begin by discussing the Harwood case. In that case, public officials disclosed an executive summary and a PowerPoint presentation. If you don't mind, because of the limited time, can you just focus on we know what the mayor said at the press conference. We know the contents of the press release. So why do you contend that he did not cite and identify this report? Your Honor, I'd like to tie in the Harwood case to explain why that is so. In Harwood, the disclosure amounted to disclosure of an executive summary and a PowerPoint presentation that disclosed a lot of information about the record that was sought. Here, by contrast, the mayor only made a general reference to the report that Mr. Dumpy seeks. And so if the extensive disclosure that took place in the Harwood case did not cause waiver, then the comparably minimal disclosure that the former mayor made here should not cause. The Supreme Court basically said that they discussed the executive summary. They were talking about the executive summary. They weren't talking about the report that was summarized in the executive summary. That's correct. Okay. So here we don't have an executive summary. We have the mayor commenting on the report. That's correct. By definition, though, Your Honor, an executive summary discloses information about what is in the full, complete record itself. And here, there was no comparable disclosure or disclosure that was as extensive as what happened in Harwood. But does the statute provide for disclosure or for citing? It provides for citing, Your Honor. In light of Harwood, though, a reasonable interpretation of what it means to publicly cite something is that the public statement should reference and specifically say that the government is taking action on the basis of a specific pre-recommendation or a specific recommendation. But that goes to your brief dealing with federal exemptions, saying that pre-decisional information is exempt unless it's adopted in, I forget the other term. So in other words, if it's adopted into the decision, once it's adopted into the decision, then the pre-decisional material is no longer exempt. Under the state statute, there's no comparable qualification for that waiver. It's just citing and identifying. That's correct. But, however, Your Honor, this Court has acknowledged that the purpose of the Section 7-1F exemption and the comparable federal exemption is the same, which is to promote and encourage candor and open discussion in the pre-decisional context. Right. Until you waive it. Exactly. In light of that one. So what constitutes waiver is the question. In light of the purpose of the Section 7-1F exemption, a reasonable standard for what it means to cite something is to adduce that document report as authority for a final official government position. So the plaintiff argued that if the mayor had said we had this report and we didn't rely on it whatsoever, then your argument would be, therefore, it's not been, the exemption has not been waived. That's correct, Your Honor. So everything that's not adopted is still privileged, even though you cite to it. Anything that is not adduced as authority for a final decision would not have been waived. That's our position, Your Honor. And with respect to the cite requirement of the provision, Mr. Dunkey has the burden of establishing waiver, and in light of the fact that the former mayor referenced a 2010 study, whereas Mr. Dunkey cites a 2009 study, that discrepancy should not support a conclusion that Mr. Dunkey met his burden in establishing waiver. Moreover, at various times the former mayor referred to this report as different things, as a management study, a study of police administration staffing, a report and a review. That ambiguity also means that he did not publicly identify the document. But would you agree that the identification aspect of this is to alert the governmental agency as to what document it is that the petitioner is requesting? In this case, Your Honor, we believe that to identify something under the statute means to identify to the public exactly what document is being referred to. Okay. And their answer to that is in the city's answer they admitted that this is, and we have, this document that he's seeking, but it's privileged. So you knew what he was looking for? Correct, Your Honor. We acknowledged that the record that Mr. Dunkey seeks is a public record. But that's different, however, from what the former mayor said in his public remarks. So even if the city knew what document Mr. Dunkey was requesting, that's a different question from whether the former mayor publicly cited and identified the document. Could it be argued that he characterized it in several ways in which resulted in further clarity as to what specifically we're talking about? I'm sorry, Your Honor? He characterized it in a couple of different ways, which could be argued as further clarifying exactly what it is that we're talking about. That's a basis for clarification. Our position, Your Honor, is that his use of different terms to describe this document only creates confusion as to exactly what he's talking about. I'd like to move on to the partial waiver issue. The Section 71F exemption specifically states that when a public record is cited and identified, it may be the case that only a relevant portion of it should be released. And if this court determines that the former mayor publicly cited and identified the document, then the appropriate course would be to remand to the circuit court for in-camera review to determine what is the relevant portion of the record that should be reviewed. But didn't you argue below that the report can't be segregated and therefore aren't you judicially established in arguing that? Your Honor, our position below and our position continues to be that the report cannot be separated in the sense that the facts in the report cannot be separated from its conclusions. However, it may be the case that the report can be separated along different subject matters. And so certain topics would pertain to the former mayor's public remarks, but other topics in the report may not. And so separation along those lines would be appropriate. But you didn't argue that below, right? No, Your Honor. And to be clear, we're not seeking affirmance on this ground. This is an argument respectfully out of the recognition this is not a fact-finding court and that it would be appropriate for the circuit court to undertake this endeavor to determine which subjects in the report relate to the former mayor's remarks. Thank you very much, Mr. Powell. Thank you. Please affirm the judgment below. Thank you. Mr. Ellison? I just have very few points. As to the Harwood case that we dealt with in some detail in the briefs, I would just point out that when the public officials made their references, I think it's to be presumed that they intended to refer to the summary, which is what they actually referred to. And there's no reason to think that they were referring to anything else, that they intended to waive the report when they talked about the summary. And I think that's the point that they're overlooking on that. As to the adoption and incorporation requirement, that's, of course, as you recognize, a federal FOIA. And as Illinois cases make clear, the fact that the Illinois FOIA followed the federal FOIA, except in a few instances, and one is this waiver provision, is to be presumed that the legislature intended there be a different interpretation. Now, the city, I think, admitted that there was no question as to what was identified. The argument here, I've never heard before, that the identification has to be sufficient for the public to understand what it is, that creates kind of a black hole. I mean, how do we know what's sufficient for the public? Do we have to do surveys? I think the issue here has to be simply, did I identify it sufficiently functionally for the parties to know what document is being asked for under FOIA? And finally, as to the remand, I think it's important to look at the actual language that the city stated below, and it said it can't be redacted. It was very definite about that. And the city hasn't given any reason why now it can be redacted. Didn't they advance their reason? They said there could be different subject matters contained within the overall report. Well, that's possible, but they took the opposite position below when they said the whole report is inextricably intertwined, that it can't be understood except in terms of the whole report. And what they're asking for now is that parts of it be redacted, and the only part be disclosed is some part of it, which they said below would make the report unintelligible. They argue that, but would it be fair and reasonable for the trial court to engage in a camera inspection to see if their position is, in fact, accurate? I think there would be nothing unfair about that. The main reason we would oppose that is that more delays, actually. This is a reporter writing stories on police reassignments, and it's already been over two years, and this would generate even further delays, and as we know, this question of police reassignments is now still a burning issue. As a practical matter, what type of delay are we really talking about? The report engaging in an in-camera inspection of the document and making a factual determination? It doesn't sound very time-consuming or cumbersome. Well, I can't be sure about that, possibly, but there are further appeals from that decision. It could be generated. It could be another year or two years if the court just doesn't order that it be released. And I think the fact that the city said below that it can't be redacted, that it can't be understood except as a whole report, which they say below, is sufficient grounds for holding them to their word on that. Any further questions? Mr. Ellison, thank you very much. Thank you. I want to compliment the parties on their briefs, on their arguments. This matter will be taken under advisement, and this court stands in recess.